IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.:  5:10-CV-353-D

LABORATORY CORPORATION OF AMERICA )
HOLDINGS,                          )
                                   )
      Plaintiff,                )
                                   )
v.                                 )      **ORDER**
                                   )
CARDINAL HEALTH SYSTEM, INC.,  *et al*.,  )
                                   )
      Defendants.               )
_____ )

This cause is before the Court upon the following motions filed by Plaintiff:

1)  Motion for a preliminary injunction[1] and expedited discovery  (DE-7);

2)  Motion to file under seal (DE-10); and

3)  Motion for a scheduling conference (DE-16)

These motions have been referred to the undersigned (DE-25) and are now ripe for adjudication.

For the following reasons, Plaintiff's: 1) motion for expedited discovery (DE-7) is GRANTED; 2)

motion to file under seal (DE-10) is GRANTED; and 3) motion for a scheduling conference

(DE-16) is DENIED.

**Background**

Plaintiff provides medical laboratory tests and services. It operates a network of testing

facilities and patient service centers across the United States.   To expand that business, Plaintiff

entered into negotiations for the purchase of PA Labs LLC ("PA Labs"), a clinical and anatomic

laboratory.   In September 2007, Plaintiff agreed to pay $74,000,000 in exchange for all the assets

of PA Labs.    Defendant Cardinal Health System, Inc. ("CHS") partially owned PA Labs at this

_____

1 Plaintiff's motion for a preliminary injunction has been referred to the undersigned for the entry of a memorandum
and recommendation, but is not yet ripe.

time. As part of the Purchase Agreement, the sellers of PA Labs, on behalf of themselves and their affiliates, agreed to a Non-Competition Agreement which prohibited them from competing with Plaintiff for five years.

Effective January, 2009 Defendants Cardinal Health System, Inc. ("CHS") and Clarian Health Partners ("Clarian") entered into a merger agreement, whereby the two entities would provide medical services under the Clarian name. These services included operating a competing clinical and anatomic laboratory business in the territories that Plaintiff gained entry into by virtue of its $74,000,000 purchase of PA Labs. Plaintiff asserts that this conduct "eviscerates the protections bargained for in the Non-Competition Agreement" (DE-9, pg. 2). Accordingly, Plaintiff now seeks the issuance of a preliminary injunction enjoining Defendants from engaging in competition with them (DE-7, pg. 1).

**Motion to Seal**

Plaintiff requests that it be allowed to file the Declaration of Anil Asnani (DE-8) and its Memorandum of Law in Support of its Motion for Preliminary Injunction (DE-9) under seal.

When a district court considers entering a confidentiality order, it must first give the public notice and a reasonable opportunity to challenge the sealing order. In re Knight Publ'g Co., 743 F.2d 231, 234-35 (4th Cir. 1984) (holding that the district court erred in closing the courtroom and sealing courtroom documents in a criminal case without first giving the public notice and an opportunity to be heard); *see also* In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988). That is, the court must docket the motion to seal "reasonably in advance of their disposition so as to give the public and press an opportunity to intervene and present their objections to the court." Knight Publ'g Co.,

2

743 F.2d at 234. The court must also consider less drastic alternatives to sealing and, if it does enter a sealing order, it must provide "reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* In Stone, the Fourth Circuit extended application of the Knight requirements to civil cases.

Here, the public has been given notice and a reasonable opportunity to challenge the sealing order. In addition, Plaintiff argues that it has sued Defendants for breach of their obligations under the Non-Competition Agreement entered into as part of a purchase agreement. By its terms, the purchase agreement does not permit the parties to disclose the information contained therein because of its confidential nature. The documents Plaintiff seeks to file under seal refer to the purchase agreement extensively. As noted by Plaintiff, "[t]here are logical and sound business reasons for . . . confidentiality where financial and non-public terms of a business transaction are contained in the agreement between private parties" (DE-11, pg. 3). Moreover, Plaintiff has also sufficiently demonstrated that redaction is not a practical alternative due to the extent these filings refer to the purchase agreement.

For these reasons, Plaintiff's motion to file under seal (DE-10) is GRANTED.

**Motion for expedited discovery**

Plaintiff also seeks expedited discovery with regard to its motion for a preliminary injunction (DE-7). Specifically, Plaintiff seeks expedited discovery on the following issues:

> (1) pursuant to Federal Rule of Civil Procedure 30(b)(6), the deposition of a corporate representative to elicit testimony on topics concerning the merger and/or integration between CHS and Clarian, and the corporate structure and ownership of Clarian and Clarian Pathology;

3

(2) all documents concerning the merger and/or integration between CHS and Clarian, including but not limited to any letters of intent, merger agreements, articles of merger, term sheets, and other customary closing documents;

(3) all documents related to Clarian's corporate structure, including but not limited to any organizational charts and documents sufficient to reflect any directors and officers of the corporation;

(4) all documents related to Clarian's corporate ownership, including but not limited to documents sufficient to reflect any owners, parents, affiliates, partners, members, subsidiaries, investors, and stockholders;

(5) all documents related to Clarian Pathology's corporate structure, including but not limited to any organizational charts and documents sufficient to reflect any directors and officers of the corporation;

(6) all documents related to Clarian Pathology's corporate ownership, including but not limited to documents sufficient to reflect any owners, parents, affiliates, partners, members, subsidiaries, investors, and stockholders;

(7) all documents related to CHS's pre-merger and/or pre-integration corporate structure, including but not limited to any organizational charts and documents sufficient to reflect any directors and officers of the corporation; and

(8) all documents related to CHS's pre-merger and/or pre-integration corporate ownership, including but not limited to documents sufficient to reflect any owners, parents, affiliates, partners, members, subsidiaries, investors, and stockholders.

(DE-9, pg. 19-20).

Notably, Defendants do not oppose this request (DE-23).

"Federal Rules of Civil Procedure 26(d), 30(a), 33(b), 34(b) and 36 give this Court the power to adjust the timing requirements imposed under Rule 26(d) and if warranted, to expedite the time for responding to the discovery sought." Dimension Data North America, Inc. v. NetStar-1, Inc., 226 F.R.D. 528, 530 (E.D.N.C. February 2, 2005) (internal quotations omitted).

Generally, a request for expedited discovery is examined "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* at 531 (internal quotations omitted).

Here, Plaintiff has already filed its motion requesting a preliminary injunction, and has set out in detail the discovery it seeks. The requested discovery is not overbroad. Moreover, Plaintiff has alleged that it will be irreparably harmed by delaying discovery (DE-9, pg. 14-15). Most importantly, Defendants do not oppose the request for expedited discovery, so the possibility of prejudice is slim.

For these reasons, Plaintiff's motion for expedited discovery (DE-7) is GRANTED. The scope of this expedited discovery shall be controlled by the issues identified by Plaintiff, *supra*.

**Motion for a scheduling conference**

Finally, Plaintiff requests a scheduling conference to, *inter alia*, "discuss the . . . exchange of discovery on an expedited basis" (DE-17, pg. 1). This request does not comply with the Local Civil Rules of this Court. Local Civil Rule 7.1(c) states that "[n]o motion[] . . . relating to discovery or inspection will be considered by the court unless . . . there has been a good faith effort to resolve the discovery dispute[] prior to the filing of any discovery motions." Local Civil Rule 7.1(c). Given that Defendants do not oppose Plaintiff's request for expedited discovery, a scheduling conference with this Court is not necessary at this time. Accordingly, Plaintiff's request for a scheduling conference (DE-16) is DENIED.

Rather, the parties are ORDERED to confer regarding this expedited discovery no later than October 13, 2010. After this conference, the parties shall file a proposed expedited discovery plan. The proposed expedited discovery plan shall:

5

1) provide proposed deadlines for conducting expedited discovery;

2) provide a proposed briefing schedule regarding Plaintiff's motion for preliminary injunction;

3) provide at least three proposed dates on which to conduct a hearing on Plaintiff's motion for preliminary injunction.

The proposed expedited discovery plan shall be filed no later than October 20, 2010. To the extent practicable, the proposed expedited discovery plan should be a joint filing. After the filing of the proposed expedited discovery plan, the undersigned shall enter an appropriate order.

## Conclusion

In accordance with the foregoing directives, Plaintiff's: 1) motion for expedited discovery (DE-7) is GRANTED; 2) motion to file under seal (DE-10) is GRANTED; and 3) motion for a scheduling conference (DE-16) is DENIED. The parties are ORDERED to confer no later than October 13, 2010 and submit a proposed expedited discovery plan no later than October 20, 2010.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, October 06, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE